# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THOMAS NAVARETTE,
an individual,

        Plaintiff,

vs.   CIV NO. 03-0638 JC/WDS

CITY OF ALBUQUERQUE,
a local public governing body of the
State of New Mexico, GLENN STOUT,
in his individual and official capacity,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration, filed August 24, 2004 (*Doc. 55*).  Having considered the Motion, memoranda, and the relevant authority, the Court finds the Motion not well-taken and it is, therefore, denied.

### I.     **Factual/Procedural Background**

The facts in this case were detailed in the Court's prior Memorandum Opinion and Order ("Memorandum"), filed August 11, 2004 (*Doc. 52*) and do not bear repeating in their entirety here. In that Memorandum, the Court disposed of all Plaintiff's claims on summary judgment.  Plaintiff presently seeks reconsideration solely on the Court's dismissal of his claim based on the use of excessive force by Defendant Stout.  In sum, Plaintiff re-alleges that Stout used excessive force when failing to initially double-lock, or subsequently loosen, the handcuffs Stout had placed on Plaintiff pursuant to a lawful misdemeanor arrest.  In this way, Plaintiff contends that Stout violated his Fourth

Amendment right to be free from a seizure involving the use of excessive force.

In its Memorandum, the Court determined that Plaintiff had failed in his burden to overcome Stout's assertion of qualified immunity and dismissed Plaintiff's excessive force claim. Plaintiff seeks reconsideration of that ruling based on his belief that the Court (1) misapplied the legal standard for determining whether excessive force was applied in an arrest context, (2) failed to distinguish and instead relied upon cases which Plaintiff finds distinguishable from his case, and (3) overlooked recent Tenth Circuit case law on the subject in favor of older case law from the Tenth Circuit. Plaintiff contends the Court's failure to reconsider and amend its decision would result in manifest injustice. For the reasons discussed briefly below, the Court disagrees.

**II.     Legal Standard/Analysis**

Whether to grant a motion for reconsideration lies within the Court's discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion for reconsideration may be granted if: (1) the court has made a manifest error of law or fact; (2) there is newly discovered evidence; or (3) there has been a change in the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1287 (10th Cir. 2003).

In this case, Plaintiff does not allege that new facts have surfaced, but asserts that the Court manifestly erred when incorrectly applying a substantive due process analysis to Plaintiff's claim, when the correct standard is one of objective reasonableness. The Court finds, however, on the face of its Memorandum, it recognized and applied the correct standard and that the Court reached its determination while mindful of the present state of the relevant law. The Court maintains its determination that the use of force pursuant to the lawful arrest on the facts of this particular case

was not objectively unreasonable and does not rise to the level of a clearly established violation of Plaintiff's rights under the United States Constitution. Consequently, Officer Stout is entitled to qualified immunity.

### III.  Conclusion

In summary, the Court finds no manifest error in need of correction nor relevant change in the law necessitating a revision of its final determination granting summary judgment disposition in favor of Defendants on Plaintiff's claim of excessive use of force. Therefore, Plaintiff's Motion for Reconsideration, filed August 24, 2004 (*Doc. 55*), is denied.

WHEREFORE,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, filed August 24, 2004 (*Doc. 55*), is denied.

DATED December 8, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

>Joan M. Waters, Esq.
>James C. Ellis, Esq.
>Albuquerque, New Mexico

Counsel for Defendants:

>Beatrice J. Brickhouse, Esq.
>Assistant City Attorney
>Albuquerque, New Mexico

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THOMAS NAVARETTE,
an individual,

        Plaintiff,

vs.                                                                      CIV NO. 03-0638 JC/WDS

CITY OF ALBUQUERQUE,
a local public governing body of the
State of New Mexico, GLENN STOUT,
in his individual and official capacity,

        Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration, filed August 24, 2004 (*Doc. 55*). Having considered the Motion, memoranda, and the relevant authority, the Court finds the Motion not well-taken and it is, therefore, denied.

**I.**     **Factual/Procedural Background**

The facts in this case were detailed in the Court's prior Memorandum Opinion and Order ("Memorandum"), filed August 11, 2004 (*Doc. 52*) and do not bear repeating in their entirety here. In that Memorandum, the Court disposed of all Plaintiff's claims on summary judgment. Plaintiff presently seeks reconsideration solely on the Court's dismissal of his claim based on the use of excessive force by Defendant Stout. In sum, Plaintiff re-alleges that Stout used excessive force when failing to initially double-lock, or subsequently loosen, the handcuffs Stout had placed on Plaintiff pursuant to a lawful misdemeanor arrest. In this way, Plaintiff contends that Stout violated his Fourth

Amendment right to be free from a seizure involving the use of excessive force.

In its Memorandum, the Court determined that Plaintiff had failed in his burden to overcome Stout's assertion of qualified immunity and dismissed Plaintiff's excessive force claim. Plaintiff seeks reconsideration of that ruling based on his belief that the Court (1) misapplied the legal standard for determining whether excessive force was applied in an arrest context, (2) failed to distinguish and instead relied upon cases which Plaintiff finds distinguishable from his case, and (3) overlooked recent Tenth Circuit case law on the subject in favor of older case law from the Tenth Circuit. Plaintiff contends the Court's failure to reconsider and amend its decision would result in manifest injustice. For the reasons discussed briefly below, the Court disagrees.

## II.  Legal Standard/Analysis

Whether to grant a motion for reconsideration lies within the Court's discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion for reconsideration may be granted if: (1) the court has made a manifest error of law or fact; (2) there is newly discovered evidence; or (3) there has been a change in the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1287 (10th Cir. 2003).

In this case, Plaintiff does not allege that new facts have surfaced, but asserts that the Court manifestly erred when incorrectly applying a substantive due process analysis to Plaintiff's claim, when the correct standard is one of objective reasonableness. The Court finds, however, on the face of its Memorandum, it recognized and applied the correct standard and that the Court reached its determination while mindful of the present state of the relevant law. The Court maintains its determination that the use of force pursuant to the lawful arrest on the facts of this particular case

was not objectively unreasonable and does not rise to the level of a clearly established violation of Plaintiff's rights under the United States Constitution. Consequently, Officer Stout is entitled to qualified immunity.

### III. Conclusion

In summary, the Court finds no manifest error in need of correction nor relevant change in the law necessitating a revision of its final determination granting summary judgment disposition in favor of Defendants on Plaintiff's claim of excessive use of force. Therefore, Plaintiff's Motion for Reconsideration, filed August 24, 2004 (*Doc. 55*), is denied.

WHEREFORE,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, filed August 24, 2004 (*Doc. 55*), is denied.

DATED December 8, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

>Joan M. Waters, Esq.
>James C. Ellis, Esq.
>Albuquerque, New Mexico

Counsel for Defendants:

>Beatrice J. Brickhouse, Esq.
>Assistant City Attorney
>Albuquerque, New Mexico

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS NAVARETTE,
an individual,

        Plaintiff,

vs.                                                                              CIV NO. 03-0638 JC/WDS

CITY OF ALBUQUERQUE,
a local public governing body of the
State of New Mexico, GLENN STOUT,
in his individual and official capacity,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration, filed August 24, 2004 (*Doc. 55*). Having considered the Motion, memoranda, and the relevant authority, the Court finds the Motion not well-taken and it is, therefore, denied.

**I.**        **Factual/Procedural Background**

The facts in this case were detailed in the Court's prior Memorandum Opinion and Order ("Memorandum"), filed August 11, 2004 (*Doc. 52*) and do not bear repeating in their entirety here. In that Memorandum, the Court disposed of all Plaintiff's claims on summary judgment. Plaintiff presently seeks reconsideration solely on the Court's dismissal of his claim based on the use of excessive force by Defendant Stout. In sum, Plaintiff re-alleges that Stout used excessive force when failing to initially double-lock, or subsequently loosen, the handcuffs Stout had placed on Plaintiff pursuant to a lawful misdemeanor arrest. In this way, Plaintiff contends that Stout violated his Fourth

Amendment right to be free from a seizure involving the use of excessive force.

In its Memorandum, the Court determined that Plaintiff had failed in his burden to overcome Stout's assertion of qualified immunity and dismissed Plaintiff's excessive force claim. Plaintiff seeks reconsideration of that ruling based on his belief that the Court (1) misapplied the legal standard for determining whether excessive force was applied in an arrest context, (2) failed to distinguish and instead relied upon cases which Plaintiff finds distinguishable from his case, and (3) overlooked recent Tenth Circuit case law on the subject in favor of older case law from the Tenth Circuit. Plaintiff contends the Court's failure to reconsider and amend its decision would result in manifest injustice. For the reasons discussed briefly below, the Court disagrees.

## II.   Legal Standard/Analysis

Whether to grant a motion for reconsideration lies within the Court's discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A motion for reconsideration may be granted if: (1) the court has made a manifest error of law or fact; (2) there is newly discovered evidence; or (3) there has been a change in the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1287 (10th Cir. 2003).

In this case, Plaintiff does not allege that new facts have surfaced, but asserts that the Court manifestly erred when incorrectly applying a substantive due process analysis to Plaintiff's claim, when the correct standard is one of objective reasonableness. The Court finds, however, on the face of its Memorandum, it recognized and applied the correct standard and that the Court reached its determination while mindful of the present state of the relevant law. The Court maintains its determination that the use of force pursuant to the lawful arrest on the facts of this particular case

2

was not objectively unreasonable and does not rise to the level of a clearly established violation of Plaintiff's rights under the United States Constitution. Consequently, Officer Stout is entitled to qualified immunity.

### III.     Conclusion

In summary, the Court finds no manifest error in need of correction nor relevant change in the law necessitating a revision of its final determination granting summary judgment disposition in favor of Defendants on Plaintiff's claim of excessive use of force. Therefore, Plaintiff's Motion for Reconsideration, filed August 24, 2004 (*Doc. 55*), is denied.

WHEREFORE,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, filed August 24, 2004 (*Doc. 55*), is denied.

DATED December 8, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

>Joan M. Waters, Esq.
>James C. Ellis, Esq.
>Albuquerque, New Mexico

Counsel for Defendants:

>Beatrice J. Brickhouse, Esq.
>Assistant City Attorney
>Albuquerque, New Mexico

3